**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EARNEST VAUGHN,
<u>Plaintiff-Appellant,</u>

v.

KEVIN EVATT, Officer Sergeant, in
both official and individual
capacity,

<u>Defendant-Appellee,</u>

and

ROBERT DALY, in both his official
and individual capacity; DETENTION
CENTER ANDERSON COUNTY,
<u>Defendants.</u>

No. 99-6724

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Dennis W. Shedd, District Judge.
(CA-98-930-5-19AJ)

Submitted: March 7, 2000

Decided: March 24, 2000

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Earnest Vaughn, Appellant Pro Se. James Victor McDade, DOYLE
& O'ROURKE, Anderson, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Earnest E. Vaughn filed an action against correctional officers Kevin Evatt and Robert Daly and the Anderson County Detention Center ("ACDC") under 42 U.S.C.A. § 1983 (West Supp. 1999), alleging excessive force and deliberate indifference to a serious medical need. Accepting the report and recommendation of the magistrate judge, the district court dismissed the claims against Evatt, in his official capacity, Daly, and the ACDC. The district court then ordered a trial on Vaughn's claims against Evatt in his personal capacity.

The jury returned a verdict in favor of Evatt. The district court denied Vaughn's motion for a new trial. Vaughn now appeals, challenging the jury verdict and the denial of his motion for a new trial.

Vaughn first argues that he was brought into the courthouse in prison clothes and handcuffs by the South Carolina Department of Corrections ("SCDC") and was seen by a juror prior to changing into his street clothes, in violation of a pre-trial order permitting Vaughn to appear in street clothes. Vaughn raised this issue for the first time in his motion for a new trial. Because Vaughn did not address this claim during trial, when the court could have questioned the correctional officers and the jury panel and/or issued curative instructions, he has waived consideration of this claim on appeal.

Next, Vaughn alleges that Evatt violated a court order regarding production of documents by not producing medical records from the SCDC. However, since Evatt is not an employee or otherwise affiliated with the SCDC and was not so affiliated at the time of the incident, these documents were not under the control of Evatt and, in any event, were not encompassed by Vaughn's request for documents which sought ACDC records only.

2

Finally, Vaughn contends that the district court erred by excluding SCDC written policies on the use of force. Because the ACDC is not under the jurisdiction of the SCDC, the district court did not abuse its discretion in refusing to admit this evidence. See Johnson v. Hugo's Skateway, 974 F.2d 1408, 1413 (4th Cir. 1992) (standard of review). In addition, Vaughn makes no showing on appeal that admission of this policy would have changed the outcome of the trial.

Accordingly, the district court's judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3